**WOODWAY DRIVE LLC a/k/a First Reliance Metering LP, Appellant,**

v.

**HARRIS COUNTY APPRAISAL DISTRICT, Appellee.**

No. 14–09–00340–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 8, 2010.

Hugh L. McKenney, Houston, for appellant.

Tammy White–Chaffer, Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices YATES and BOYCE.

## OPINION

WILLIAM J. BOYCE, Judge.

Woodway Drive LLC a/k/a First Reliance Metering LP appeals from the trial court's order granting the plea to the jurisdiction filed by Harris County Appraisal District ("HCAD").[1] We affirm.

### I. Factual and Procedural Background

The property at issue is a 1.691 acre tract of land in the John D. Taylor Survey, Abstract No. 72, in Harris County, Texas. By deed dated December 14, 2006, First Reliance Metering, LP ("First Reliance") conveyed the subject property to Woodway Drive, LLC ("Woodway"). Despite this conveyance, First Reliance filed a notice of protest with HCAD's Appraisal Review Board protesting the 2007 tax assessment for the property. On August 2, 2007, HCAD issued an order denying the protest to First Reliance's agent, O'Connor & Associates.

On September 13, 2007, First Reliance appealed this decision by filing an original petition in the trial court challenging the Review Board's determination. On February 18, 2009, First Reliance filed an amended petition adding Woodway as a plaintiff. At the same time, it filed a motion to substitute the true party pursuant to Texas Rule of Civil Procedure 28. On February 20, 2009, HCAD filed a plea to the jurisdiction arguing that the trial court lacked subject matter jurisdiction because First Reliance was not the owner of the property as of January 1, 2007, and only the property owner had standing to appeal from the Review Board's order. Woodway, the property owner, failed to timely appeal. On March 11, 2009, the trial court granted HCAD's plea to the jurisdiction and dismissed the case. This appeal followed.

### II. Standard of Review

We review a trial court's ruling on a plea to the jurisdiction de novo. *See Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004). In our review, we construe the pleadings liberally in favor of the pleader and look to the pleader's intent to determine whether the facts alleged affirmatively demonstrate the trial court's jurisdiction to hear the cause. *See id.*

Standing is a component of subject-matter jurisdiction that cannot be waived. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 445–46 (Tex. 1993). If a party does not have standing, a trial court has no subject-matter jurisdiction to hear the case. *Id.* at 444–45. A trial court's jurisdiction to hear the subject matter of a dispute may be challenged by

1. Appellant's pleadings and notice of appeal identify both HCAD and the Harris County Appraisal Review Board as defendants. Because the record does not indicate that the Appraisal Review Board was served or appeared in the suit and it was not a necessary party, HCAD is the only appellee properly before this court. *See BACM 2002 PB2 Westpark Dr. LP v. Harris County Appraisal Dist.,* 14–08–00493–CV, 2009 WL 2145922 at *1, n. 1 (Tex.App.-Houston [14th Dist.] June 21, 2009, no pet.) (mem. op.).

filing a plea to the jurisdiction. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000).

 A defendant may prevail on a plea to the jurisdiction by demonstrating that, even if all the plaintiff's pleaded allegations are true, an incurable jurisdictional defect remains on the face of the pleadings that deprives the trial court of subject-matter jurisdiction. *Harris County Appraisal Dist. v. O'Connor & Assocs.*, 267 S.W.3d 413, 416 (Tex.App.-Houston [14th Dist.] 2008, no pet.). In determining a plea to the jurisdiction, a trial court may consider the pleadings and any evidence pertinent to the jurisdictional inquiry. *Bland*, 34 S.W.3d at 554–55.

### III. Analysis

In one issue, appellant asserts that the trial court erred in granting the plea to the jurisdiction. Specifically, appellant contends that it timely amended its petition to include Woodway as a party pursuant to section 42.21(e)(1) of the Texas Tax Code and Texas Rule of Civil Procedure 28.

### A. Standing

 This court recently addressed both arguments in *BACM 2002 PB2 Westpark Dr. LP v. Harris County Appraisal District*, No. 14–08–00493–CV, 2009 WL 2145922 (Tex.App.-Houston [14th Dist.] June 21, 2009, no pet.) (mem. op.), and we reach the same outcome here.[2]

 As a general rule, only a property owner may protest tax liability before an appraisal-review board and seek judicial review in court. *Tourneau Houston, Inc. v. Harris County Appraisal Dist.*, 24 S.W.3d 907, 909 (Tex.App.-Houston [1st Dist.] 2000, no pet.). Section 42.21(a) of the Property Tax Code requires a party who appeals as provided by Chapter 42 of the Property Tax Code to timely file a petition for review with the district court. Failure to timely file a petition bars any appeal under the chapter. Tex. Tax Code Ann. § 42.21(a) (Vernon Supp. 2009). Section 42.01 of the Tax Code specifies that a property owner is entitled to appeal an order of the appraisal review board determining a protest by the property owner as provided by sections 41.41 *et seq.* of the Property Tax Code. *Id.* § 42.01(1)(A). Alternatively, a property owner may designate a lessee or an agent to act on the property owner's behalf for any purpose under the Property Tax Code, including filing a tax protest. *Id.* §§ 1.111 (Vernon 2008) (authorizing a designated lessee or agent to act for a property owner), 41.413(b) (Vernon 2008) (authorizing a lessee to protest for the property owner in certain circumstances).

 Therefore, to qualify as a "party who appeals" by seeking judicial review of an appraisal-review board's tax determination under section 42.21(a), appellant had to be an owner of the property, a designated agent of the owner, or the authorized lessee of the property under the circumstances stated in section 41.413. A party who does not meet one of the above crite-

**2.** *See also Woodway Drive LLC v. Harris County Appraisal Dist.*, No. 14–09–00524–CV, 2010 WL 724174 (Tex.App.-Houston [14th Dist.] Mar. 4, 2010, no pet. h.) (mem. op.); *Scott Plaza Assoc., Ltd. v. Harris County Appraisal Dist.*, No. 14–09–00707–CV, 2010 WL 724189 (Tex.App.-Houston [14th Dist.] Mar. 4, 2010, no pet. h.) (mem. op.); *SWP Remic Prop. II LP v. Harris County Appraisal Dist.*, No. 14–08–00425–CV, 2010 WL 26524 (Tex.App.-Hous-

ton [14th Dist.] Jan. 7, 2010, no pet.) (mem. op.); *Skylane West Ltd. v. Harris County Appraisal Dist.*, No. 14–08–00507–CV, 2009 WL 4913256 (Tex.App.-Houston [14th Dist.] Dec. 22, 2009, no pet.) (mem. op.); *DL Louetta Village Square LP v. Harris County Appraisal Dist.*, No. 14–08–00549–CV, 2009 WL 4913259 (Tex.App.-Houston [14th Dist.] Dec. 22, 2009, no pet.) (mem. op.).

ria would lack standing under the Property Tax Code. *BACM*, 2009 WL 2145922, at *3. If the litigant lacks standing, the trial court is deprived of subject-matter jurisdiction to consider a suit for judicial review based on an ad valorem tax protest. *Id.*

Here, First Reliance did not own the property as of January 1, 2007. It did not claim rights to protest under the Property Tax Code as either a lessee or an agent. Therefore, First Reliance lacked standing to pursue judicial review as a "party who appeals" under section 42.21(a). The record does not reflect that Woodway pursued its right of protest as the actual property owner. According to the record, Woodway was not named as a party until February 18, 2009, when a First Amended Original Petition was filed. Therefore, the Review Board had not determined a protest by the actual property owner, Woodway, upon which it would then premise a right to appeal as the property owner. *See* Tex. Tax Code Ann. §§ 42.01(1)(A), 42.21(a); *BACM*, 2009 WL 2145922, at *4.

**B. Application of Section 42.21(e)(1)**

 Appellant also contends that the trial court had jurisdiction because section 42.21(e)(1) allows amendment of a timely filed petition "to correct or change the name of a party." *See* Tex. Tax Code Ann. § 42.21(e)(1); *BACM*, 2009 WL 2145922, at *5. We disagree, for the same reasons announced in *BACM*.

Section 42.21(e) specifies that only petitions that are "timely filed under Subsection (a) or amended under Subsection (c)" may later be amended to correct or change a party's name.[3] *See* Tex. Tax Code Ann. § 42.21(e)(1). To seek judicial review under Subsection (a), the plaintiff must be a "party who appeals as provided by [Chap-

ter 42]," meaning the plaintiff must be the property owner, a properly designated agent, or a lessee. *Id.* § 42.21(a).

First Reliance filed a timely appeal; however, it did not own the property on January 1, 2007, and thus lacked standing to seek judicial review. *See BACM*, 2009 WL 2145922, at *5. Appellant's argument that subsection 42.21(3)(1) operates to allow it to correct or change the party's name presupposes that Woodway was a proper party entitled to seek judicial review. *Id.* However, Woodway did not pursue its right to protest as the property owner. When no proper party timely appealed to the district court, the trial court did not acquire subject matter jurisdiction, and the Review Board's determination became final. *See id.*

**C. Application of Texas Rule of Civil Procedure 28**

 Appellant also argues that the trial court had jurisdiction to hear the case because Texas Rule of Civil Procedure 28, which governs suits by or against entities doing business under an assumed name, permits substitution of Woodway as First Reliance's "true name." Rule 28 states:

> Any partnership, unincorporated association, private corporation, or individual doing business under an assumed name may sue or be sued in its partnership, assumed or common name for the purpose of enforcing for or against it a substantive right, but on a motion by any party or on the court's own motion the true name may be substituted.

Tex.R. Civ. P. 28.

 In this case, First Reliance attempted to substitute its purported "true name" Woodway by filing an amended original petition and arguing Rule 28 permitted the substitution. For a party to

---

3. Appellants do not argue that Subsection (c) applies to this case.

take advantage of Rule 28 and sue in its common name, there must be a showing that the named entity is in fact doing business under that common name. *Seidler v. Morgan*, 277 S.W.3d 549, 553 (Tex. App.-Texarkana 2009, pet. denied). Whether an entity does business under an assumed or common name is a question of fact for the trial court. *Sixth RMA Partners, L.P. a/k/a RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 52 (Tex.2003).

Appellant did not make a showing that Woodway was in fact doing business under the common name First Reliance, nor was there evidence that Woodway used First Reliance as a common name to warrant application of Rule 28. *Compare Sixth RMA Partners*, 111 S.W.3d at 52 (concluding evidence supported assumed-name finding when Sixth RMA presented evidence that RMA Partners, L.P. was used as trade name for various RMA partnerships, RMA letterhead was used, and payments on notes were made to RMA) and *Chilkewitz v. Hyson*, 22 S.W.3d 825, 829 (Tex.1999) (stating some evidence supported application of Rule 28 when stationery and phone-number listing used by one-person professional association contained name of individual).[4]

### IV. Conclusion

We overrule appellant's sole issue and affirm the trial court's judgment.

---

4. Although appellant cites HCAD's records that reflect First Reliance as the property owner even after the property sale, HCAD's records alone are not sufficient to establish Woodway operated its business under the common name of First Reliance. *See KM–Timbercreek, LLC v. Harris County Appraisal Dist.*, 312 S.W.3d 722, 731 (Tex.App.-Houston [1st Dist.] 2009, no pet.) (stating that only Timbercreek could establish whether it operated its business under an assumed or common name). There is no evidence that Woodway held itself out as First Reliance or requested HCAD refer to it as First Reliance in its records. *See id.*