Affirmed and Memorandum Opinion filed November 18, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00242-CV

___________________

 

HARTMAN REIT OPERATING PARTNERSHIP III, L.P.,
Appellant

 

V.

 

HARRIS COUNTY APPRAISAL DISTRICT,
Appellee



 



 

On
Appeal from the 281st District Court

Harris County,
Texas



Trial Court Cause No. 2008-55498

 



 

 

MEMORANDUM OPINION

            Hartman REIT Operating Partnership III, L.P. (“Hartman
Subsidiary”) appeals from the trial court’s order granting Harris County
Appraisal District’s (“HCAD”)[1]
plea to the jurisdiction.  We affirm.

I.  Factual and Procedural Background

            The
property at issue is located at 2600 S. Gessner Rd. in Houston.  On May 17,
2005, Hartman REIT Operating Partnership, L.P. (“Hartman Parent”), a Delaware
limited partnership, transferred the property to Hartman Subsidiary, a Texas
limited partnership.  Despite the fact that Hartman Parent no longer owned the
property, it filed a notice of protest with HCAD’s Appraisal Review Board disputing
the 2008 tax assessment for the property.  On July 25, 2008, an order
determining protest was delivered to Hartman Parent’s taxing agent.  

            On
September 11, 2008, Hartman Parent filed an original petition in the trial
court challenging the Review Board’s determination.  On December 9, 2009, HCAD
filed a plea to the jurisdiction asserting that the trial court lacked subject-matter
jurisdiction because Hartman Parent was not the owner of the property as of
January 1, 2008, and only the property owner had standing to appeal from the
Review Board’s order.  HCAD attached to its plea a copy of the warranty deed in
which Hartman Parent sold the property to Hartman Subsidiary.  

            On
July 29, 2009, Hartman Parent amended its petition naming Hartman Subsidiary as
a plaintiff in the suit for judicial review of the Review Board’s order.  Hartman
Parent and Hartman Subsidiary responded to HCAD’s plea to the jurisdiction,
arguing that the procedural defects had been corrected by applying section
42.21(e)(1) of the Texas Tax Code to correct or change the name of the
plaintiffs.  The parties further argued that “Hartman REIT Operating
Partnership III, L.P.” was an assumed name of “Hartman REIT Operating
Partnership” and that Texas Rule of Civil Procedure 28, entitled “Suits in
Assumed Name,” permits it to amend a petition to include Hartman REIT Operating
Partnership III, L.P. as the true name of the property owner.  

            On
February 19, 2010, the trial court granted HCAD’s plea to the jurisdiction and
dismissed the suit.  In three appellate issues, Hartman Subsidiary contends
that the trial court erred in granting the plea to the jurisdiction because Hartman
Parent and Hartman Subsidiary had standing to file the suit pursuant to section
42.21 of the Tax Code and because Rule 28 permits substitution of the true name
of the plaintiff.

II.
Standard of Review

We review a trial court’s ruling on a plea to the
jurisdiction de novo.  See Tex. Dep't of Parks & Wildlife v. Miranda,
133 S.W.3d 217, 226 (Tex. 2004).  In our review, we construe the pleadings
liberally in favor of the pleader and look to the pleader’s intent to determine
whether the facts alleged affirmatively demonstrate the trial court’s
jurisdiction to hear the cause.  See id.  

Standing is a component of subject-matter
jurisdiction that cannot be waived.  Tex. Ass’n of Bus. v. Tex. Air Control
Bd., 852 S.W.2d 440, 445–46 (Tex. 1993).  If a party does not have
standing, a trial court has no subject-matter jurisdiction to hear the case.  Id.
at 444–45.  A trial court’s jurisdiction to hear the subject matter of a
dispute may be challenged by filing a plea to the jurisdiction.  See Bland
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).  

A defendant may prevail on a plea to the jurisdiction
by demonstrating that, even if all the plaintiff’s pleaded allegations are
true, an incurable jurisdictional defect remains on the face of the pleadings
that deprives the trial court of subject-matter jurisdiction.  Harris County
Appraisal Dist. v. O’Connor & Assocs., 267 S.W.3d 413, 416 (Tex.
App.—Houston [14th Dist.] 2008, no pet.).  In determining a plea to the
jurisdiction, a trial court may consider the pleadings and any evidence
pertinent to the jurisdictional inquiry.  Bland, 34 S.W.3d at 554–55.

III.
Analysis

            In
three issues, Hartman Subsidiary asserts that the trial court erred in granting
the plea to the jurisdiction.  Specifically, Hartman Subsidiary contends that Hartman
Parent timely amended its petition to include Hartman Subsidiary as a party
pursuant to section 42.21(e)(1) of the Texas Tax Code and Texas Rule of Civil
Procedure 28.

A.        Standing

This court recently addressed both of these arguments
in Woodway Drive LLC v. Harris County Appraisal District, 311 S.W.3d 649
(Tex. App.—Houston [14th Dist.] June 21, 2010, no pet.), and we reach the same
outcome here in holding Hartman Subsidiary lacked standing.[2]

As a general rule, only a property owner may protest
tax liability before an appraisal-review board and seek judicial review in
court.  Tourneau Houston, Inc. v. Harris County Appraisal Dist., 24
S.W.3d 907, 909 (Tex. App.—Houston [1st Dist.] 2000, no pet.)  Section 42.21(a)
of the Property Tax Code requires a party who appeals as provided by Chapter 42
of the Property Tax Code to timely file a petition for review with the district
court.  Failure to timely file a petition bars any appeal under the chapter. 
Tex. Tax Code Ann. § 42.21(a) (Vernon Supp. 2009).  Section 42.01 of the Tax
Code specifies that a property owner is entitled to appeal an order of the
appraisal review board determining a protest by the property owner as provided
by sections 41.41 et seq. of the Property Tax Code.  Id. § 42.01(1)(A). 
Alternatively, a property owner may designate a lessee or an agent to act on
the property owner’s behalf for any purpose under the Property Tax Code,
including filing a tax protest.  Id. §§ 1.111 (Vernon 2008) (authorizing
a designated lessee or agent to act for a property owner), 41.413(b) (Vernon
2008) (authorizing a lessee to protest for the property owner in certain
circumstances).

Therefore, to qualify as a “party who appeals” by
seeking judicial review of an appraisal-review board’s tax determination under
section 42.21(a), Hartman Parent had to be an owner of the property, a
designated agent of the owner, or the authorized lessee of the property under
the circumstances stated in section 41.413.  A party who does not meet one of
the above criteria would lack standing under the Property Tax Code.  Woodway
Drive, 311 S.W.3d at 653.  If the litigant lacks standing, the trial court
is deprived of subject-matter jurisdiction to consider a suit for judicial
review based on an ad valorem tax protest.  Id.

Hartman Parent did not own the property as of January
1, 2008.  Hartman Parent did not claim rights to protest under the Property Tax
Code as either a lessee or an agent.  Therefore, Hartman Parent lacked standing
to pursue judicial review as a “party who appeals” under section 42.21(a).  The
record does not reflect that Hartman Subsidiary pursued its right of protest as
the actual property owner.  According to the record, Hartman Subsidiary was not
named as a party until November 9, 2009, when Hartman Parent filed a first
amended original petition.  Therefore, the Review Board had not determined a
protest by the actual property owner, Hartman Subsidiary, upon which Hartman
Subsidiary could premise a right to appeal as the property owner.  See
Tex. Tax Code Ann. §§ 42.01(1)(A), 42.21(a); Woodway Drive, 311 S.W.3d
at 653. 

B.        Application of Section 42.21(e)(1)

Hartman Subsidiary contends the trial court had
jurisdiction because section 42.21(e)(1) permits amendment of a timely filed
petition “to correct or change the name of a party.”  See Tex. Tax Code
Ann. § 42.21(e)(1).  Hartman Subsidiary further contends the court erred in
granting HCAD’s plea to the jurisdiction because Hartman Parent merely amended
its petition to cure a misnomer.  We disagree, for the same reasons announced
in Woodway Drive, 311 S.W.3d at 653.

Section 42.21(e) specifies that only petitions that
are “timely filed under Subsection (a) or amended under Subsection (c)” may
later be amended to correct or change a party’s name.[3]  See Tex.
Tax Code Ann.  42.21(e)(1).  To seek judicial review
under Subsection (a), the plaintiff must be a “party who appeals as provided by
[Chapter 42],” meaning the plaintiff must be the property owner, a properly
designated agent, or a lessee.  Id. § 42.21(a).  

Hartman Parent timely filed a petition for review;
however, it did not own the property on January 1, 2008, and thus lacked
standing to seek judicial review.  See Woodway Drive, 311 S.W.3d at 653. 
Hartman Subsidiary’s argument that subsection 42.21(e)(1) operates to permit Hartman
Parent to correct or change the party’s name presupposes that Hartman
Subsidiary was a proper party entitled to seek judicial review.  See id. 
However, Hartman Subsidiary did not pursue its right of protest as the property
owner.  When no proper party timely appealed to the district court, the trial
court did not acquire subject-matter jurisdiction, and the Review Board’s
determination became final.  See id.  Accordingly, we overrule Hartman
Subsidiary’s first and second issues.

C.        Application of Texas Rule of Civil
Procedure 28     

Lastly, Hartman Subsidiary argues the trial court had
jurisdiction to hear the case because Texas Rule of Civil Procedure 28, which
governs suits by or against entities doing business under an assumed name,
permits substitution of Hartman Subsidiary as Hartman Parent’s “true name.” 
Rule 28 states:

Any partnership, unincorporated association, private
corporation, or individual doing business under an assumed name may sue or be
sued in its partnership, assumed or common name for the purpose of enforcing
for or against it a substantive right, but on a motion by any party or on the
court’s own motion the true name may be substituted.

Tex. R. Civ. P. 28.  Hartman
Subsidiary contends the name Hartman Parent is the “common name” for the “true
name” Hartman Subsidiary.  

Hartman Parent attempted to substitute its “true
name” Hartman Subsidiary by filing an amended original petition and arguing
Rule 28 permitted the substitution.  For a party to take advantage of Rule 28
and sue in its common name, there must be a showing that the named entity is in
fact doing business under that common name.  Seidler v. Morgan, 277
S.W.3d 549, 553 (Tex. App.—Texarkana 2009, pet. denied).  Whether an entity
does business under an assumed or common name is a question of fact for the
trial court.  Sixth RMA Partners, L.P. a/k/a RMA Partners, L.P. v. Sibley,
111 S.W.3d 46, 52 (Tex. 2003).   

Hartman Subsidiary did not make a showing that it was
in fact doing business under the common name Hartman Parent, nor was there
evidence that the entities used the name Hartman Parent as an assumed or common
name to warrant application of Rule 28.  Compare Sixth RMA Partners,
111 S.W.3d at 52 (concluding evidence supported assumed-name finding when Sixth
RMA presented evidence that RMA Partners, L.P. was used as trade name for
various RMA partnerships, RMA letterhead was used, and payments on notes were
made to RMA) and Chilkewitz v. Hyson, 22 S.W.3d 825, 829 (Tex.
1999) (stating some evidence supported application of Rule 28 when stationery
and phone-number listing used by one-person professional association contained
name of individual).  Accordingly, we overrule Hartman Subsidiary’s third issue.

The trial court’s judgment is affirmed.  

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices
Anderson, Frost, and Brown. 









[1] Hartman Subsidiary’s
pleadings and notice of appeal identify both HCAD and the Harris County
Appraisal Review Board as defendants.  Because the record does not indicate
that the Appraisal Review Board was served or appeared in the suit and it was
not a necessary party, we consider HCAD the only appellee properly before this
court.  See Woodway Drive LLC v. Harris County Appraisal Dist., 311
S.W.3d 649, 651, n. 1 (Tex. App.—Houston [14th Dist.] 2010, no pet.).





[2] See also Woodway Drive
LLC v. Harris County Appraisal Dist., No. 14-09-00524-CV, 2010 WL 724174
(Tex. App.—Houston [14th Dist.] Mar. 4, 2010, no pet. h.) (mem. op.); Scott
Plaza Assoc., Ltd. v. Harris County Appraisal Dist., No. 14-09-00707-CV,
2010 WL 724189 (Tex. App.—Houston [14th Dist.] Mar. 4, 2010, no pet. h.) (mem.
op.); SWP Remic Prop. II LP v. Harris County Appraisal Dist., No.
14-08-00425-CV, 2010 WL 26524 (Tex. App.—Houston [14th Dist.] Jan. 7, 2010, no
pet.) (mem. op.); Skylane West Ltd. v. Harris County Appraisal Dist.,
No. 14-08-00507-CV, 2009 WL 4913256 (Tex. App.—Houston [14th Dist.] Dec. 22,
2009, no pet.) (mem. op.); DL Louetta Village Square LP v. Harris County
Appraisal Dist., No. 14-08-00549-CV, 2009 WL 4913259 (Tex. App.—Houston
[14th Dist.] Dec. 22, 2009, no pet.) (mem. op.).





[3] Appellant Hartman
Subsidiary does not argue that Subsection (c) applies to this case.