Affirmed and Memorandum Opinion filed November 18, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00089-CV

___________________

 

BRANIFF CB LTD., Appellant

 

V.

 

HARRIS COUNTY APPRAISAL DISTRICT,
Appellee



 



 

On
Appeal from the 129th District Court

Harris County,
Texas



Trial Court Cause No. 2008-55488

 



 

 

MEMORANDUM OPINION

            Braniff CB Ltd. appeals from the trial court’s order
granting Harris County Appraisal District’s (“HCAD”)[1] plea to the
jurisdiction.  We affirm.

I.  Factual and Procedural Background

            The
property at issue is located at 15100 Lee Rd. in Humble.  On May 31, 2007, Sam
Houston Parkway Business Center sold the property to E. Bruce Bentley, Lance
Malmgren, and Christopher Rhodes.  On the same day, Bentley, Malmgren, and
Rhodes transferred the property to Braniff.  Despite the fact that Sam Houston
Parkway no longer owned the property, it filed a notice of protest with HCAD’s
Appraisal Review Board disputing the 2008 tax assessment for the property.  On
August 1, 2008, an order determining protest was delivered to Sam Houston
Parkway’s taxing agent.  

            On
September 11, 2008, Sam Houston Parkway filed an original petition in the trial
court challenging the Review Board’s determination.  On March 3, 2009, HCAD
filed a plea to the jurisdiction asserting that the trial court lacked subject-matter
jurisdiction because Sam Houston Parkway was not the owner of the property as
of January 1, 2008, and only the property owner had standing to appeal from the
Review Board’s order.  HCAD attached to its plea a copy of the warranty deed in
which Sam Houston Parkway sold the property to Bentley, Malmgren, and Rhodes.  HCAD
also attached the deposition of the property manager who testified that the
owner of the property was Braniff CB Ltd.  

            On
November 6, 2009, Sam Houston Parkway amended its petition naming Braniff as a
plaintiff in the suit for judicial review of the Review Board’s order.  Sam
Houston Parkway and Braniff responded to HCAD’s plea to the jurisdiction,
arguing that the procedural defects had been corrected by applying section
42.21(e)(1) of the Texas Tax Code to correct or change the name of the
plaintiffs.  The parties further argued that Braniff was an assumed name of Sam
Houston Parkway and that Texas Rule of Civil Procedure 28, entitled “Suits in
Assumed Name,” permits it to amend a petition to include Braniff as the true
name of the property owner.  

            On
January 14, 2010, the trial court granted HCAD’s plea to the jurisdiction and
dismissed the suit.  In three appellate issues, Braniff contends that the trial
court erred in granting the plea to the jurisdiction because Sam Houston
Parkway and Braniff had standing to file the suit pursuant to section 42.21 of
the Tax Code and because Rule 28 permits substitution of the true name of the
plaintiff.

II.
Standard of Review

We review a trial court’s ruling on a plea to the
jurisdiction de novo.  See Tex. Dep't of Parks & Wildlife v. Miranda,
133 S.W.3d 217, 226 (Tex. 2004).  In our review, we construe the pleadings
liberally in favor of the pleader and look to the pleader’s intent to determine
whether the facts alleged affirmatively demonstrate the trial court’s
jurisdiction to hear the cause.  See id.  

Standing is a component of subject-matter
jurisdiction that cannot be waived.  Tex. Ass’n of Bus. v. Tex. Air Control
Bd., 852 S.W.2d 440, 445–46 (Tex. 1993).  If a party does not have
standing, a trial court has no subject-matter jurisdiction to hear the case.  Id.
at 444–45.  A trial court’s jurisdiction to hear the subject matter of a
dispute may be challenged by filing a plea to the jurisdiction.  See Bland
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).  

A defendant may prevail on a plea to the jurisdiction
by demonstrating that, even if all the plaintiff’s pleaded allegations are
true, an incurable jurisdictional defect remains on the face of the pleadings
that deprives the trial court of subject-matter jurisdiction.  Harris County
Appraisal Dist. v. O’Connor & Assocs., 267 S.W.3d 413, 416 (Tex.
App.—Houston [14th Dist.] 2008, no pet.).  In determining a plea to the
jurisdiction, a trial court may consider the pleadings and any evidence
pertinent to the jurisdictional inquiry.  Bland, 34 S.W.3d at 554–55.

III.
Analysis

            In
three issues, Braniff asserts that the trial court erred in granting the plea
to the jurisdiction.  Specifically, Braniff contends that Sam Houston Parkway
timely amended its petition to include Braniff as a party pursuant to section
42.21(e)(1) of the Texas Tax Code and Texas Rule of Civil Procedure 28.

A.        Standing

This court recently addressed both of these arguments
in Woodway Drive LLC v. Harris County Appraisal District, 311 S.W.3d 649
(Tex. App.—Houston [14th Dist.] June 21, 2010, no pet.), and we reach the same
outcome here in holding Braniff lacked standing.[2]

As a general rule, only a property owner may protest
tax liability before an appraisal-review board and seek judicial review in
court.  Tourneau Houston, Inc. v. Harris County Appraisal Dist., 24
S.W.3d 907, 909 (Tex. App.—Houston [1st Dist.] 2000, no pet.)  Section 42.21(a)
of the Property Tax Code requires a party who appeals as provided by Chapter 42
of the Property Tax Code to timely file a petition for review with the district
court.  Failure to timely file a petition bars any appeal under the chapter. 
Tex. Tax Code Ann. § 42.21(a) (Vernon Supp. 2009).  Section 42.01 of the Tax
Code specifies that a property owner is entitled to appeal an order of the
appraisal review board determining a protest by the property owner as provided
by sections 41.41 et seq. of the Property Tax Code.  Id. §
42.01(1)(A).  Alternatively, a property owner may designate a lessee or an
agent to act on the property owner’s behalf for any purpose under the Property
Tax Code, including filing a tax protest.  Id. §§ 1.111 (Vernon 2008)
(authorizing a designated lessee or agent to act for a property owner),
41.413(b) (Vernon 2008) (authorizing a lessee to protest for the property owner
in certain circumstances).

Therefore, to qualify as a “party who appeals” by
seeking judicial review of an appraisal-review board’s tax determination under
section 42.21(a), Sam Houston Parkway had to be an owner of the property, a
designated agent of the owner, or the authorized lessee of the property under
the circumstances stated in section 41.413.  A party who does not meet one of
the above criteria would lack standing under the Property Tax Code.  Woodway
Drive, 311 S.W.3d at 653.  If the litigant lacks standing, the trial court
is deprived of subject-matter jurisdiction to consider a suit for judicial
review based on an ad valorem tax protest.  Id.

Sam Houston Parkway did not own the property as of
January 1, 2008.  Sam Houston Parkway did not claim rights to protest under the
Property Tax Code as either a lessee or an agent.  Therefore, Sam Houston Parkway
lacked standing to pursue judicial review as a “party who appeals” under
section 42.21(a).  The record does not reflect that Braniff pursued its right
of protest as the actual property owner.  According to the record, Braniff was
not named as a party until November 9, 2009, when Sam Houston Parkway filed an amended
petition.  Therefore, the Review Board had not determined a protest by the
actual property owner, Braniff, upon which Braniff could premise a right to
appeal as the property owner.  See Tex. Tax Code Ann. §§ 42.01(1)(A),
42.21(a); Woodway Drive, 311 S.W.3d at 653. 

B.        Application of Section 42.21(e)(1)

Braniff contends the trial court had jurisdiction
because section 42.21(e)(1) permits amendment of a timely filed petition “to
correct or change the name of a party.”  See Tex. Tax Code Ann. §
42.21(e)(1).  Braniff further contends the court erred in granting HCAD’s plea
to the jurisdiction because Sam Houston Parkway merely amended its petition to
cure a misnomer.  We disagree. Section 42.21(e) specifies that only petitions
that are “timely filed under Subsection (a) or amended under Subsection (c)”
may later be amended to correct or change a party’s name.[3]  See Tex.
Tax Code Ann.  42.21(e)(1).  To seek judicial review
under Subsection (a), the plaintiff must be a “party who appeals as provided by
[Chapter 42],” meaning the plaintiff must be the property owner, a properly
designated agent, or a lessee.  Id. § 42.21(a).  

Sam Houston Parkway timely filed a petition for
review; however, it did not own the property on January 1, 2008, and thus
lacked standing to seek judicial review.  See Woodway Drive, 311 S.W.3d
at 653.  Braniff’s argument that subsection 42.21(e)(1) operates to permit Sam
Houston Parkway to correct or change the party’s name presupposes that Braniff
was a proper party entitled to seek judicial review.  Id.  However, Braniff
did not pursue its right of protest as the property owner.  When no proper
party timely appealed to the district court, the trial court did not acquire
subject-matter jurisdiction, and the Review Board’s determination became
final.  See id.  Accordingly, we overrule Braniff’s first and second
issues.

C.        Application of Texas Rule of Civil
Procedure 28     

Lastly, Braniff argues the trial court had
jurisdiction to hear the case because Texas Rule of Civil Procedure 28, which
governs suits by or against entities doing business under an assumed name,
permits substitution of Braniff as Sam Houston Parkway’s “true name.”  Rule 28
states:

Any partnership, unincorporated association, private
corporation, or individual doing business under an assumed name may sue or be
sued in its partnership, assumed or common name for the purpose of enforcing
for or against it a substantive right, but on a motion by any party or on the
court’s own motion the true name may be substituted.

Tex. R. Civ. P. 28.  Braniff
contends the name Sam Houston Parkway is the “common name” for the “true name” Braniff. 


In this case, Sam Houston Parkway attempted to
substitute its purported “true name” Braniff by filing an amended original petition
and arguing Rule 28 permitted the substitution.  For a party to take advantage
of Rule 28 and sue in its common name, there must be a showing that the named
entity is in fact doing business under that common name.  Seidler v. Morgan,
277 S.W.3d 549, 553 (Tex. App.—Texarkana 2009, pet. denied).  Whether an entity
does business under an assumed or common name is a question of fact for the
trial court.  Sixth RMA Partners, L.P. a/k/a RMA Partners, L.P. v. Sibley,
111 S.W.3d 46, 52 (Tex. 2003).   

Braniff did not make a showing that it was doing
business under the common name Sam Houston Parkway, nor was there evidence that
the entities used the name Sam Houston Parkway as an assumed or common name to
warrant application of Rule 28.  Compare Sixth RMA Partners, 111
S.W.3d at 52 (concluding evidence supported assumed-name finding when Sixth RMA
presented evidence that RMA Partners, L.P. was used as trade name for various
RMA partnerships, RMA letterhead was used, and payments on notes were made to
RMA) and Chilkewitz v. Hyson, 22 S.W.3d 825, 829 (Tex. 1999)
(stating some evidence supported application of Rule 28 when stationery and
phone-number listing used by one-person professional association contained name
of individual).  Accordingly, we overrule Braniff’s third issue.

The trial court’s judgment is affirmed.  

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices
Anderson, Frost, and Brown. 









[1] Braniff’s pleadings and
notice of appeal identify both HCAD and the Harris County Appraisal Review
Board as defendants.  Because the record does not indicate that the Appraisal
Review Board was served or appeared in the suit and it was not a necessary
party, we consider HCAD the only appellee properly before this court.  See
Woodway Drive LLC v. Harris County Appraisal Dist., 311 S.W.3d 649, 651, n.
1 (Tex. App.—Houston [14th Dist.] 2010, no pet.).





[2] See also Woodway Drive
LLC v. Harris County Appraisal Dist., No. 14-09-00524-CV, 2010 WL 724174
(Tex. App.—Houston [14th Dist.] Mar. 4, 2010, no pet. h.) (mem. op.); Scott
Plaza Assoc., Ltd. v. Harris County Appraisal Dist., No. 14-09-00707-CV,
2010 WL 724189 (Tex. App.—Houston [14th Dist.] Mar. 4, 2010, no pet. h.) (mem.
op.); SWP Remic Prop. II LP v. Harris County Appraisal Dist., No.
14-08-00425-CV, 2010 WL 26524 (Tex. App.—Houston [14th Dist.] Jan. 7, 2010, no
pet.) (mem. op.); Skylane West Ltd. v. Harris County Appraisal Dist.,
No. 14-08-00507-CV, 2009 WL 4913256 (Tex. App.—Houston [14th Dist.] Dec. 22,
2009, no pet.) (mem. op.); DL Louetta Village Square LP v. Harris County
Appraisal Dist., No. 14-08-00549-CV, 2009 WL 4913259 (Tex. App.—Houston
[14th Dist.] Dec. 22, 2009, no pet.) (mem. op.).





[3] Appellants do not argue
that Subsection (c) applies to this case.