**REDDY PARTNERSHIP/5900 NORTH FREEWAY LP and Reddy Partnership et al. as the property owners, Appellants,**

v.

**HARRIS COUNTY APPRAISAL DISTRICT, Appellee.**

**No. 14–10–00064–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 13, 2011.

Hugh L. McKenney, for Appellant.

G. Todd Stewart, for Appellee.

Panel consists of Justices ANDERSON, FROST and BROWN.

## MEMORANDUM OPINION

### PER CURIAM.

Reddy Partnership/5900 North Freeway LP and Reddy Partnership et al. as the Property Owners, jointly referred to as appellants, appeal from the trial court's order granting the plea to the jurisdiction filed by Harris County Appraisal District ("HCAD"). We affirm.

### I. Factual and Procedural Background

The property at issue is located at 5900 North Freeway, Houston, Texas. On June 21, 2002, Reddy Partnership, a Texas general partnership, (the First Partnership) sold the property to Reddy. Partnership/5900 North Freeway, L.P., a Texas limited partnership (the Second Partnership). Despite the fact that the First Partnership no longer owned the property, it filed a notice of protest with HCAD's Appraisal Review Board protesting the 2008 tax assessment for the property.

On September 11, 2008, the First Partnership filed an original petition in the trial court challenging the Review Board's determination of its protest.[1] On December 16, 2009, HCAD filed a plea to the jurisdiction arguing that the trial court lacked subject matter jurisdiction because the First Partnership was not the owner of the property as of January 1, 2008, and only the property owner had standing to appeal from the Review Board's order. HCAD attached to its plea a copy of the warranty deed in which the First Partnership sold the property to the Second Partnership.

The First Partnership then amended its petition naming the Second Partnership as a plaintiff in the suit, and appellants also filed a motion to substitute the Second Partnership for the First Partnership. Appellants also responded to HCAD's plea to the jurisdiction, arguing that the procedural defects had been corrected by applying section 42.21(e)(1) of the Texas Tax Code to correct or change the name of the plaintiffs. Appellants further argued that the Second Partnership was an assumed name of the First Partnership and that Texas Rule of Civil Procedure 28 permits it to amend a petition to include the Second Partnership as the true name of the property owner.

On December 18, 2009, the trial court granted HCAD's plea to the jurisdiction and dismissed the suit. In three issues, appellants contend that the trial court erred in granting the plea to the jurisdiction because they had standing to file the suit pursuant to section 42.21 of the Tax Code and because Rule 28 permits substitution of the true name of the plaintiff.

### II. Standard of Review

We review a trial court's ruling on a plea to the jurisdiction de novo. *See Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004). In our review, we construe the pleadings liberally in favor of the pleader and look to the pleader's intent to determine whether the facts alleged affirmatively demonstrate the trial court's jurisdiction to hear the cause. *See id.*

Standing is a component of subject-matter jurisdiction that cannot be

---

1. Appellant's pleadings and notice of appeal identify both HCAD and the Harris County Appraisal Review Board as defendants. Because the record does not indicate that the Appraisal Review Board was served or appeared in the suit and it was not a necessary party, we consider HCAD to be the only appellee properly before this court. *See Woodway Drive LLC v. Harris County Appraisal Dist.,* 311 S.W.3d 649, 651, n. 1 (Tex.App.-Houston [14th Dist.] 2010, no pet.).

waived. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445–46 (Tex. 1993). If a party does not have standing, a trial court has no subject-matter jurisdiction to hear the case. *Id.* at 444–45. A trial court's jurisdiction to hear the subject matter of a dispute may be challenged by filing a plea to the jurisdiction. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000).

■ A defendant may prevail on a plea to the jurisdiction by demonstrating that, even if all of the plaintiff's pleaded allegations are true, an incurable jurisdictional defect remains on the face of the pleadings that deprives the trial court of subject-matter jurisdiction. *Harris County Appraisal Dist. v. O'Connor & Assocs.*, 267 S.W.3d 413, 416 (Tex.App.-Houston [14th Dist.] 2008, no pet.). In determining a plea to the jurisdiction, a trial court may consider the pleadings and any evidence pertinent to the jurisdictional inquiry. *Bland*, 34 S.W.3d at 554–55.

### III. Analysis

Appellants contend that they have standing because they timely amended the petition to include the Second Partnership as a party pursuant to section 42.21(e)(1) of the Texas Tax Code and Texas Rule of Civil Procedure 28.

### A. Standing

This court recently addressed the same arguments in *Woodway Drive LLC v. Har-*ris *County Appraisal District*, 311 S.W.3d 649 (Tex.App.-Houston [14th Dist.] 2010, no pet.), and we reach the same outcome here in holding that appellants lacked standing.[2]

■ As a general rule, only a property owner may protest tax liability before an appraisal-review board and seek judicial review in court. *Tourneau Houston, Inc. v. Harris County Appraisal Dist.*, 24 S.W.3d 907, 909 (Tex.App.-Houston [1st Dist.] 2000, no pet.) Section 42.21(a) of the Property Tax Code requires a party who appeals as provided by Chapter 42 of the Property Tax Code to timely file a petition for review with the district court. Failure to timely file a petition bars any appeal under the chapter. Tex. Tax Code § 42.21(a). Section 42.01 of the Tax Code specifies that a property owner is entitled to appeal an order of the appraisal review board determining a protest by the property owner as provided by sections 41.41 *et seq.* of the Property Tax Code. *Id.* § 42.01(1)(A). Alternatively, a property owner may designate a lessee or an agent to act on the property owner's behalf for any purpose under the Property Tax Code, including filing a tax protest. *Id.* §§ 1.111 (authorizing a designated lessee or agent to act for a property owner), 41.413(b) (authorizing a lessee to protest for the property owner in certain circumstances).

■ Therefore, to qualify as a "party who appeals" by seeking judicial review of

---

2. *See also Woodway Drive LLC v. Harris County Appraisal Dist.*, No. 14–09–00524–CV, 2010 WL 724174 (Tex.App.-Houston [14th Dist.] Mar. 4, 2010, no pet.) (mem. op.); *Scott Plaza Assoc., Ltd. v. Harris County Appraisal Dist.*, No. 14–09–00707–CV, 2010 WL 724189 (Tex. App.-Houston [14th Dist.] Mar. 4, 2010, no pet.) (mem. op.); *SWP Remic Prop. II LP v. Harris County Appraisal Dist.*, No. 14–08–00425–CV, 2010 WL 26524 (Tex.App.-Houston [14th Dist.] Jan. 7, 2010, no pet) (mem. op.); *Skylane West Ltd. v. Harris County Ap-*praisal *Dist.*, No. 14–08–00507–CV, 2009 WL 4913256 (Tex.App.-Houston [14th Dist.] Dec. 22, 2009, no pet.) (mem. op.); *DL Louetta Village Square LP v. Harris County Appraisal Dist.*, No. 14–08–00549–CV, 2009 WL 4913259 (Tex.App.-Houston [14th Dist.] Dec. 22, 2009, no pet.) (mem. op.); *BACM 2002 PB2 Westpark Dr. LP v. Harris County Appraisal Dist.*, No. 14–08–00493–CV, 2009 WL 2145922 (Tex.App.-Houston [14th Dist.] June 21, 2009, no pet.) (mem. op.).

an appraisal-review board's tax determination under section 42.21(a), the First Partnership had to be an owner of the property, a designated agent of the owner, or the authorized lessee of the property under the circumstances stated in section 41.413. A party who does not meet one of the above criteria lacks standing under the Property Tax Code. *Woodway Drive*, 311 S.W.3d at 653. If the litigant lacks standing, the trial court is deprived of subject-matter jurisdiction to consider a suit for judicial review based on an ad valorem tax protest. *Id.*

Here, the First Partnership did not own the property as of January 1, 2008. The First Partnership did not claim rights to protest under the Property Tax Code as either a lessee or an agent. Therefore, the First Partnership lacked standing to pursue judicial review as a "party who appeals" under section 42.21(a). The record does not reflect that the Second Partnership pursued its right of protest as the actual property owner. According to the record, the Second Partnership was not named as a party until the First Amended Petition was filed December 11, 2009. Therefore, the Review Board had not determined a protest by the actual property owner, the Second Partnership, upon which the Second Partnership could premise a right to appeal as the property owner. *See* Tex. Tax Code §§ 42.01(1)(A), 42.21(a); *Woodway Drive*, 311 S.W.3d at 653.

### B. Application of Section 42.21(e)(1)

 Appellants contend that the trial court had jurisdiction because section 42.21(e)(1) permits amendment of a timely filed petition "to correct or change the name of a party." *See* Tex. Tax Code § 42.21(e)(1). Appellants further contend that the court erred in granting HCAD's

plea to the jurisdiction because they merely amended the petition to cure a misnomer. We disagree, for the same reasons announced in *Woodway Drive*, 311 S.W.3d at 653.

Section 42.21(e) specifies that only petitions that are "timely filed under Subsection (a) or amended under Subsection (c)" may later be amended to correct or change a party's name.[3] *See* Tex. Tax Code § 42.21(e)(1). To seek judicial review under Subsection (a), the plaintiff must be a "party who appeals as provided by [Chapter 42]," meaning the plaintiff must be the property owner, a properly designated agent, or a lessee. *Id.* § 42.21(a).

The First Partnership timely filed a petition for review; it did not own the property on January 1, 2008, however, and thus lacked standing to seek judicial review. *See Woodway Drive*, 311 S.W.3d at 653. Appellants' argument that subsection 42.21(e)(1) operates to permit to correct or change the party's name presupposes that the Second Partnership was a proper party entitled to seek judicial review. *Id.* However, the Second Partnership did not pursue its right of protest as the property owner. When no proper party timely appealed to the district court, the trial court did not acquire subject-matter jurisdiction, and the Review Board's determination became final. *See id.* Accordingly, we overrule appellants' first and second issues.

### C. Application of Texas Rule of Civil Procedure 28

Lastly, appellants argue that the trial court had jurisdiction to hear the case because Texas Rule of Civil Procedure 28, which governs suits by or against entities doing business under an assumed name, permits substitution of the Second Partnership as the First Partnership's "true name." Rule 28 states:

---

3. Appellants do not argue that Subsection (c) applies to this case.

406

Any partnership, unincorporated association, private corporation, or individual doing business under an assumed name may sue or be sued in its partnership, assumed or common name for the purpose of enforcing for or against it a substantive right, but on a motion by any party or on the court's own motion the true name may be substituted.

Tex.R. Civ. P. 28. Appellants contend that the Second Partnership's name is the "common name" for the First Partnership's "true name".

 In this case, the First Partnership attempted to substitute its "true name," the Second Partnership's name, by filing an amended original petition and arguing Rule 28 permitted the substitution. For a party to take advantage of Rule 28 and sue in its common name, there must be a showing that the named entity is in fact doing business under that common name. *Seidler v. Morgan*, 277 S.W.3d 549, 553 (Tex.App.-Texarkana 2009, pet. denied). Whether an entity does business under an assumed or common name is a question of fact for the trial court. *Sixth RMA Partners, L.P. a/k/a RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 52 (Tex. 2003).

The Second Partnership did not make a showing that it was in fact doing business under the common name of the First Partnership, nor was there evidence that the entities used the First Partnership's name as an assumed or common name to warrant application of Rule 28. *Compare Sixth RMA Partners*, 111 S.W.3d at 52 (concluding evidence supported assumed-name finding when Sixth RMA presented evidence that RMA Partners, L.P. was used as trade name for various RMA partnerships, RMA letterhead was used, and payments on notes were made to RMA) *and Chilkewitz v. Hyson*, 22 S.W.3d 825, 829 (Tex.1999) (stating some evidence sup-

ported application of Rule 28 when stationery and phone-number listing used by one-person professional association contained name of individual). Accordingly, we overrule appellants' third issue.

Having overruled appellants' issues, we affirm the trial court's judgment.