UNITED AIRLINES, INC., Appellant

v.

HARRIS COUNTY APPRAISAL DISTRICT, Appellee

NO. 14–15–01014–CV

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed December 6, 2016

Rehearing Overruled February 14, 2017

Review Denied June 2, 2017

Michael W. Mengis, Alexander Burch, Richard T. Stilwell, Houston, TX, for Appellant.

G. Todd Stewart, Eric C. Farrar, Houston, TX, for Appellee.

Panel consists of Justices Busby, Donovan and Brown.

## OPINION

John Donovan, Justice

This is an ad valorem tax appeal case in which United Airlines challenges the Harris County Appraisal District's valuation of property owned by United. United exhausted its administrative remedies by protesting the valuation to the appraisal review board. United then sought judicial review by timely filing an appeal of the valuation of the appraisal review board to the district court pursuant to Chapter 42 of the Tax Code. After United amended its petition, HCAD filed a plea to the jurisdiction, which the trial court granted and dismissed United's case. United contends the trial court retained jurisdiction at all relevant times. United further argues that the trial court abused its discretion by failing to exercise its plenary power and allow United to cure any alleged jurisdictional defect. Thus, United maintains the trial court erred in granting HCAD's plea and dismissing the case. We reverse and remand.

## I. BACKGROUND

### A. HCAD's appraisal and United's appeal

United owns property, including commercial airplanes, airplane parts, flight simulators, and other related equipment and fixtures, in Harris County, Texas. As part of its responsibility to appraise all property in Harris County, HCAD, in 2014, appraised the value of United's property to be worth over $971 million for tax purposes.

United protested the appraised value before the Harris County Appraisal Review Board (ARB). The ARB granted United some relief and issued orders reducing the appraised value of United's property for tax purposes to $929 million. This reduction fell short of United's estimated appraisal of $404 million. United then appealed the ARB orders by filing a petition for review in district court pursuant to Chapter 42 of the Tax Code. In its original petition, filed September 30, 2014, United asserted that HCAD's appraisal was in excess of the subject property's true market value and sought as relief, in its prayer, an order reducing the appraised value pursuant to Tex. Tax Code § 42.25. United also attached to its petition the ARB orders (exhibits 1–9) that it challenged.

In July 2015, United amended its petition to no longer assert a market-value challenge under Tex. Tax. Code § 42.25 (excessive appraisal). United attached to the amended petition the same ARB orders as exhibits 1–9, and asserted a claim for relief under Tex. Tax Code § 42.26 (unequal appraisal).

## B. HCAD lodges jurisdictional challenges to United's amended petition

HCAD filed a plea to the jurisdiction asking the trial court to dismiss United's appeal. In its plea, HCAD argues that the trial court immediately and irrevocably lost subject matter jurisdiction over this case when United filed its amended petition that changed the stated grounds for appeal. According to HCAD, the filing of the first amended petition operated as a nonsuit of the pending tax appeal. HCAD further argued that the first amended petition was in fact a different appeal that was untimely since it was filed outside of the sixty-day deadline for seeking juridical review.[1] Thus, HCAD asserted the trial court had no jurisdiction over the excessive appraisal assertion because it had been nonsuited with the filing of the amended petition, and the court lacked jurisdiction over the unequal appraisal argument because it was not timely made in the original petition.

Before the trial court heard HCAD's plea to the jurisdiction, United filed a second amended petition, again attaching ARB orders as exhibits 1–9, and switching its theory on appeal back to Tex. Tax Code § 42.25 (excessive appraisal). Also, United filed a motion to withdraw its first amended petition or, in the alternative, motion to reinstate its original petition. United asserted that its first amended petition was filed by mistake; the wrong document was inadvertently electronically filed as United's first amended petition.

1. HCAD concedes that United exhausted with the ARB both excessive appraisal and unequal appraisal protests.

2. United's first two issues for review are set forth as follows:
   1) Did United's first amended petition operate to divest the trial court of jurisdiction and plenary power the moment it was filed?

HCAD responded to United's motion to withdraw and asserted a supplemental plea to the jurisdiction, maintaining that United failed to perfect its unequal appraisal protest because it was not part of the original petition for review and the Tax Code limits the scope permitted to amendments of pleadings.

The trial court conducted an oral hearing on the pending motions. After taking the matter under advisement, the trial court granted HCAD's plea to the jurisdiction and signed an order of dismissal. Later, the trial court denied United's motion for new trial. This appeal timely followed.

## II. ANALYSIS

### A. The trial court had jurisdiction over United's tax appeal

In its first two issues, United makes related jurisdictional arguments.[2] United asserts that it met the jurisdictional requirements set forth in Chapter 42 of the Tax Code, and the trial court maintained subject matter jurisdiction over this ad valorem case at all relevant times. United further argues that pleading a particular theory of liability or remedy is not jurisdictional; thus, United contends that filing its amended petition neither vested nor divested the trial court of jurisdiction. Consequently, United maintains the trial court erred when it granted HCAD's plea to the jurisdiction and dismissed the case.

#### 1. Standard of review

2) Does an ad valorem tax appeal under Chapter 42 of the Tax Code include a jurisdictional requirement that an appealing party must specifically state every conceivable ground for relief in the initial petition?

A plea to the jurisdiction is a dilatory plea by which a party challenges the court's authority to determine the subject matter of the action. *Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). We review a trial court's ruling on a plea to the jurisdiction de novo. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Woodway Drive, L.L.C. v. Harris Cty. Appraisal Dist.*, 311 S.W.3d 649, 651 (Tex. App.–Houston [14th Dist.] 2010, no pet.). During this review, we construe the pleadings liberally in favor of the pleader and look to the pleader's intent to determine whether the facts alleged affirmatively demonstrate the trial court's jurisdiction to hear the case. *Id.* A defendant may prevail on a plea to the jurisdiction by demonstrating that even if all of the plaintiff's pleaded allegations are true, an incurable jurisdictional defect remains on the face of the pleadings that deprives the trial court of subject matter jurisdiction. *Id.* at 652.

### 2. Ad valorem tax cases

"The Texas Tax Code provides detailed administrative procedures for those who would contest their property taxes." *Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006). The legislature bestowed exclusive original jurisdiction in ad valorem tax cases on the appraisal review boards and granted the district courts appellate jurisdiction over ARB orders. *See id.*; *Appraisal Review Bd. of Harris Cty. Appraisal Dist. v. Spencer Square Ltd.*, 252 S.W.3d 842, 844

(Tex. App.–Houston [14th Dist.] 2008, no pet.). An ARB is authorized to hear and determine protests by property owners. *See* Tex. Tax Code § 41.41; *Keggereis v. Dallas Cent. Appraisal Dist.*, 749 S.W.2d 516, 518 (Tex. App.–Dallas 1988, no writ). After an administrative hearing, dissatisfied taxpayers are authorized to appeal to the district court.[3] *See* Tex. Tax Code §§ 42.06, 42.21; *Keggereis*, 749 S.W.2d at 518. The district court reviews the board's decision by trial de novo. *See* Tex. Tax Code § 42.23(a); *Keggereis*, 749 S.W.2d at 518.

### 3. The trial court had jurisdiction because United timely petitioned for review of ARB orders.

Section 42.21 of the Texas Tax Code sets forth the only jurisdictional requirements for a property owner to maintain an appeal from an appraisal review board's tax-appraisal determination. A district court has jurisdiction of an appraisal review board determination so long as the property was the subject of an appraisal review board order, the petition was filed within sixty days of the ARB order, and the petition provides sufficient information to identify the property that is the subject of the petition. *See* Tex. Tax Code § 42.21(a), (h). A petition filed in compliance with sections 42.01 and 42.21 is "sufficient to vest the trial court with jurisdiction."[4] *Galveston Cent. Appraisal Dist. v. Valero Ref.–Tex., L.P.*, 463 S.W.3d 177, 186 (Tex. App.–Houston [14th Dist.] 2015, pet. granted).

Here, it is undisputed that United met the jurisdictional requirements in Septem-

---

**3.** If an agency has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the agency's action. *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002). Until then, the trial court lacks subject matter jurisdiction and must dismiss

the claims within the agency's exclusive jurisdiction. *Id.*

**4.** Section 42.01 sets forth the "rights of appeal by property owner" whereas Section 42.21 discusses a "petition for review." Tex. Tax Code §§ 42.01, 42.21.

ber 2014, by timely filing its original petition in the district court appealing the ARB's value determination of United's property as listed in the nine HCAD account numbers that were attached to the petition.

**4. Petition for review does not require ground for relief to be included to invoke the trial court's jurisdiction**

■ HCAD does not dispute that United exhausted both grounds (excessive appraisal and unequal appraisal) before the ARB prior to filing suit in district court. HCAD argues, however, that the unequal appraisal ground contained in United's first amended petition was filed outside of the 60–day deadline for seeking judicial review and was, therefore, untimely. HCAD fails to provide any authority for its contention that a ground for relief is part of the jurisdictional requirements of a petition for review. For the reasons set forth herein, we reject HCAD's contention as it is contrary to Chapter 42.

In adopting the current tax protest mechanism, this court has noted "the legislature rejected hypertechnical requirements for challenges to appraisal values." *Harris Cty. Appraisal Dist. v. ETC Mktg., Ltd.*, 399 S.W.3d 364, 372 (Tex. App.–Houston [14th Dist.] 2013, pet. denied) (discussing in the context of exhaustion and sufficiency of notice of protest to ARB under Tex. Tax Code § 41.44(d)). Indeed, nothing in either the Tax Code or the case law requires a party to include its grounds for relief in a petition for review in order to invoke the jurisdiction of the trial court. The invocation of the trial court's jurisdiction over an appeal is a subject covered by sections 42.01 and 42.21. *See Valero Ref.–Tex., L.P.*, 463 S.W.3d at 186 (citing *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76–77 (Tex. 2000) (explaining distinction between right of plaintiff to relief and jurisdiction of court to afford it)); *Reliance Ins. Co. v.*

*Denton Cent. Appraisal Dist.*, 999 S.W.2d 626, 629 (Tex. App.–Fort Worth 1999, no pet.) (holding trial court did not lack jurisdiction to consider unequal appraisal challenge to value of land portion of property consisting of both land and improvements, and reasoning that although failure to prove unequal appraisal of property as a whole would generally prevent owner from prevailing, it would not deprive court of jurisdiction)).

Further, sections 42.25 and 42.26 do not address whether a party must plead relief under these provisions, as this court recognized in *Valero Ref.–Tex., L.P. See* 463 S.W.3d at 186 (section 42.26 "does not address what an owner may appeal or how it may invoke the trial court's jurisdiction over an appeal-subjects covered by sections 42.01 and 42.21").

Moreover, other parts of the Tax Code demonstrate that stating the particular grounds for appeal is not jurisdictional and need not be contained in the petition. For example, section 42.23(d)(3) instructs the property owner to designate, *"in response to an appropriate written discovery request*, which cause of action under this chapter [excessive appraisal or unequal appraisal] is the basis for the appeal." Tex. Tax Code § 42.23(d)(3) (emphasis added). Additionally, special exceptions are available to challenge the pleading. *See* Tex. R. Civ. P. 91; *see also* Tex. Tax Code § 42.21(h) (correction of proper party or further identification of property must be addressed by special exceptions and amendment to petition and may not be subject of a plea to the jurisdiction); Tex. Tax Code Ann. § 42.23(a) ("district court shall try all issues . . . in the manner applicable to civil suits generally"). Finally, there are no consequences in Chapter 42 for failing to plead a particular ground for relief, which supports the conclusion that pleading certain grounds is not a jurisdic-

tional requirement to maintain an ad valorem tax appeal. *See Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 495 (Tex. 2001) (providing that the absence of a penalty for non-compliance "weighs in favor of a nonjurisdictional interpretation").

**5. The trial court erred in dismissing United's tax appeal for lack of jurisdiction**

As discussed above, stating the specific grounds for an appeal is not a jurisdictional prerequisite; thus, changing or modifying the specific grounds for the appeal does not affect the district court's jurisdiction. Accordingly, the trial court erred in concluding it lost subject-matter jurisdiction when United filed an amended petition changing the grounds.

Because United complied with the jurisdictional requirements to maintain its tax protest appeal, we sustain United's first and second issues.

**B. Remaining Issues**

United third and fourth issues relate to curing any jurisdictional defect caused by the filing of the amended petition.[5] United contends that the trial court abused its discretion by not exercising its plenary power and allowing United an opportunity to amend its pleadings to cure any perceived defect caused by the filing of the amended petition. In this regard, United contends that it was an abuse of discretion to dismiss this action without considering either United's motion to withdraw or its second amended petition.

Our disposition on United's first two issues makes it unnecessary to address these contentions.

**5.** United's third and fourth issues for review are set forth as follows:
3) Did the trial court abuse its discretion in refusing to grant United's motion to withdraw the first amended petition?

**III. CONCLUSION**

Having sustained United's first and second issues on appeal, we reverse the judgment of the trial court and remand this case for proceedings in accordance with this court's opinion.

4) Did United's second amended petition render HCAD's plea to the jurisdiction moot?