In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00321-CV
_____

**PAMELA K. LINDSEY, BRANDON D. LUNN, HELEN C. LUNN, BRADLEY CROSBY, ROY D. BERNHEISEL, SUE BERNHEISEL, LESTER GOEKLER, CASSANDRA D. LUCHAK, JEFF FISHER, MONTE J. EAGLESON, TAMMY B. EAGLESON, ESTATE OF RUBY ATKINSON C/O SHIRLEY KNOTT, DONALD KLOESEL, MOSES MAESTAS, JAQUELYN MAESTAS, THOMAS W. SCOTT AND CYNTHIA M. SCOTT,** Appellants

**V.**

**MONTGOMERY CENTRAL APPRAISAL DISTRICT,** Appellee

_____

**On Appeal from the 284th District Court**
**Montgomery County, Texas**
**Trial Cause No. 13-10-11170-CV**
_____

**MEMORANDUM OPINION**

Pamela K. Lindsey, Brandon D. Lunn, Helen C. Lunn, Bradley Crosby, Roy

D. Bernheisel, Sue Bernheisel, Lester Goekler, Cassandra D. Luchak, Jeff Fisher,

Monte J. Eagleson, Tammy B. Eagleson, Estate of Ruby Atkinson c/o Shirley Knott,

1

Donald Kloesel, Moses Maestas, Jaqueline Maestas, Thomas W. Scott and Cynthia M. Scott ("Appellants") alleged Montgomery Central Appraisal District ("MCAD") unequally appraised their properties in Montgomery County pursuant to the Texas Tax Code ("Code"). Appellants protested the appraisals in hearings before the Appraisal Review Board ("ARB"). *See* Tex. Tax Code Ann. § 41.41 (West 2015). Dissatisfied with the results of the ARB hearings, they appealed by filing a petition in Montgomery County District Court. *See* Tex. Tax Code Ann. §§ 42.01; 42.21 (West 2015). The trial court granted MCAD's plea to the jurisdiction. Appellants appeal the trial court's order granting the plea and dismissing their claims. We reverse and remand.

## I. Background

Appellants owned properties in Montgomery County, Texas. They specifically allege that MCAD appraised their properties unequally for tax year 2013. *See* Tex. Tax Code Ann. § 42.26 (West 2015). Appellants protested MCAD's appraised valuations, and the ARB conducted protest hearings in July 2013. Appellants subsequently filed a petition in district court likewise complaining about the appraised values of their properties for tax year 2013, alleging MCAD violated the Code and Texas Constitution "by appraising Plaintiffs' propert[ies] excessively and unequally."

2

Appellants complained in their original petition that MCAD "arbitrarily and capriciously appraised Plaintiffs' properties excessively, unequally[,] and disproportionately as compared to other properties in the County." Appellants further alleged that "[a]ll conditions to Plaintiffs' rights of judicial appeal of [MCAD]'s appraisal of Plaintiffs' properties and the ARB's actions have occurred and Plaintiffs are entitled to bring this action and to trial *de novo* of [MCAD]'s actions and the [ARB's] proceedings." The relief requested by Appellants included setting the appraised values of their properties below the final value given by the ARB, compelling the imposition of the proper appraised value of their properties "due to their values or due to unequal appraisal," the granting of hearings or other relief entitled through the administrative protest provisions, injunctive relief or "other appropriate relief," and costs and attorney's fees.

MCAD filed special exceptions to Plaintiffs' Original Petition complaining that Plaintiffs allegations were vague and failed to state an allowable cause of action under the Tax Code. The language MCAD specially excepted to in Plaintiffs' petition complained of an illegal tax plan and scheme which violates the Code and the Texas Constitution by unequally appraising property in the County. Plaintiffs pleaded that MCAD appraised Plaintiffs' property excessively and unequally. The

3

trial court entered an agreed order sustaining MCAD's special exceptions and requiring Appellants to amend their petition and replead with specificity.

Appellants thereafter filed their first amended original petition asserting the trial court had jurisdiction of their claims pursuant to Chapters 23, 41, and 42 of the Code. The amended petition again contained allegations that MCAD "arbitrarily and capriciously appraised Plaintiffs' properties unequally and disproportionately as compared to other properties in the County." It specifically cited sections 42.26(a)(1) and (2) of the Code as providing remedies for unequal appraisal. In the same paragraph, Appellants also asserted the "properties are unequally appraised in accordance with Section 42.26 based upon an appraisal ratio analysis that is common to all Plaintiffs." The relief requested by Appellants in their first amended original petition was substantially similar to the relief requested in their original petition, with the exception of omitting injunctive relief.

In response, MCAD supplemented its pleadings and asserted that the trial court did not have jurisdiction over Appellants' claims that the properties were unequally appraised under section 42.26(a)(3) of the Tax Code, because Appellants effectively voluntarily dismissed those claims when they omitted them from their amended petition. MCAD argued the court's order on special exceptions required Appellants to "replead, with specificity, causes of action." It argued that although

4

Appellants specifically cited to sections 42.26(a)(1) and (2) in the amended petition, they did not cite section 42.26(a)(3) of the Code. In its plea to the jurisdiction, MCAD further argued Appellants failed to invoke the trial court's jurisdiction regarding their claims under sections 42.26(a)(1) and (2) of the Tax Code, because Appellants filed protests over the appraised value of the subject properties pursuant to section 41.41 of the Tax Code but failed to present the ARB with evidence or claims the properties were unequally appraised under sections 42.26(a)(1) and (2) of the Tax Code. MCAD argued that the judicial appeal may only address issues protested and raised in a motion to the ARB. In its brief in support of its plea to the jurisdiction, MCAD attached evidence submitted by the Appellants during the protest hearings and the audio recordings of the hearings.[1]

Following a hearing on the plea to the jurisdiction, the trial court entered an order sustaining the plea and dismissed Appellants' claims without prejudice. The trial court's order contained the following findings:

1. The only evidence or argument Plaintiffs presented to the Appraisal Review Board pertained to the unequal appraisal values of their residential properties as compared to other residential properties.

---

[1] We have listened to the twelve recordings of the ARB hearings provided as Exhibit 9 to the MCAD's brief in support of its plea to the jurisdiction, and we note the quality of the majority of the recordings is very poor. This made it very difficult to ascertain what was being said and by whom at the ARB hearings. However, in light of our analysis, these recordings are relatively insignificant.

2. Plaintiffs' First Amended Petition is the live pleading before the Court, and Plaintiffs plead that their residential properties are unequally appraised when compared to the appraisal of commercial properties.

3. Plaintiffs' property is residential in use, and, as such, is not comparable to commercial property.

4. Plaintiffs presented no evidence or argument to the Appraisal Review Board about the unequal and excessive appraisal values of their residential properties as compared to the appraisal values of commercial properties.

5. Plaintiffs failed to exhaust their administrative remedies before the Appraisal Review Board as to all claims they are making in this suit.

On appeal, Appellants present two issues asking: (1) whether the trial court erred in dismissing the case for failure to exhaust administrative remedies; and (2) asking whether the trial court erred in dismissing the case for amending certain claims or causes of action out of the case. In response to Appellants' issues, MCAD asserts they failed to exhaust their remedies, and Appellants amended their petition to delete any claims under section 42.26(a)(3) so it was properly dismissed.[2]

---

[2] While MCAD does not dispute that Appellants were subject to ARB orders and the timeliness of the appeal from those orders, copies of the ARB orders are not contained in the record. *See* Tex. Tax Code Ann. § 42.21(a), (h) (West 2015) (requiring that appeals from ARB orders be filed with the district court within sixty days). However, when reviewing a trial court's ruling on a plea to the jurisdiction, we take as true the allegations contained in the plaintiffs' pleadings. *See Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226–28 (Tex. 2004); *Woodway Drive, L.L.C. v. Harris Cty. Appraisal Dist.*, 311 S.W.3d 649, 651 (Tex. App.— Houston [14th Dist.] 2010, no pet.). Because the Appellants' live pleading asserts

## II. Standard of Review

We review a trial court's ruling on a plea to the jurisdiction under a *de novo* standard. *Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Advanced Powder Solutions, Inc. v. Harris Cty. Appraisal Dist.*, 528 S.W.3d 779, 783 (Tex. App.—Houston [14th Dist.] 2017, pet. granted, judgm't vacated, remanded by agr.) (citations omitted). A court may not decide a case unless it has subject-matter jurisdiction. *Miranda*, 133 S.W.3d at 226. A plea to the jurisdiction challenges the trial court's power to exercise subject matter jurisdiction. *Id.*; *City of Waco v. Kirwan*, 298 S.W.3d 618, 621 (Tex. 2009). A plea to the jurisdiction is a dilatory plea typically used to defeat a plaintiff's cause of action without regard to whether the claims have any merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). We construe pleadings liberally, accepting as true all factual allegations in the petition and looking to the pleader's intent. *Miranda*, 133 S.W.3d at 226; *Woodway Drive, L.L.C., v. Harris Cty. Appraisal Dist.*, 311 S.W.3d 649, 651 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

---

the appeal was timely, we accept that as true. *See Miranda*, 133 S.W.3d at 226–28. We determine only whether the trial court erred in granting the plea to the jurisdiction based on failure to exhaust administrative remedies and amending a cause of action out of the case.

## III. Analysis

The general rule is that "if an agency has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the agency's action." *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002) (citing *Cash Am. Int'l Inc. v. Bennett*, 35 S.W.3d 12, 15 (Tex. 2000)).[3] Under the doctrine of exclusive jurisdiction, the Legislature gives an administrative agency "the *sole* authority to make an initial determination in a dispute." *Id.* at 221 (citing *Cash Am.*, 35 S.W.3d at 15). Exclusive jurisdiction rests with an agency when there is a pervasive regulatory scheme indicating Congress intended for the regulatory process to be the exclusive means of remedying the problem which the

---

[3] Exclusive jurisdiction can be contrasted with primary jurisdiction. *See Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 220–21 (Tex. 2002). They are different in that "primary jurisdiction is prudential whereas exclusive jurisdiction is jurisdictional." *Id.* at 220 (citing *Shell Pipeline Corp. v. Coastal States Trading, Inc.*, 788 S.W.2d 837, 842 (Tex. App.—Houston [1st Dist.] 1990, writ denied)). Primary jurisdiction allocates power between courts and agencies when both have authority to address a dispute by making initial determinations. *Id.* at 221 (citations omitted). Trial courts should permit an administrative agency to initially decide an issue when: (1) an agency is staffed with experts trained in handling the complex problems in the agency's purview; and (2) great benefit is derived from an agency uniformly interpreting its laws, rules, and regulations, whereas courts may reach different results under similar facts. *Id.* (citations omitted). If primary jurisdiction dictates that a trial court is required to defer to an agency to make an initial determination, the trial court should abate the matter and wait until the agency has an opportunity to act before finally adjudicating the claim. *Id.* (citations omitted).

regulation addressed. *Id.* (quoting Humphrey, Comment, *Antitrust Jurisdiction and Remedies in an Electric Utility Price Squeeze,* 52 U. CHI. L. REV. 1090, 1107 n. 73 (1985)). If an agency has exclusive jurisdiction, until a party exhausts its administrative remedies, the trial court lacks subject matter jurisdiction and must dismiss claims within the agency's exclusive jurisdiction. *Id.* (citing *Tex. Educ. Agency v. Cypress-Fairbanks Indep. Sch. Dist.*, 830 S.W.2d 88, 90 (Tex. 1992); *Tex. State Bd. Of Examiners in Optometry v. Carp*, 343 S.W.2d 242, 246 (1961)). Since such a dismissal does not speak to the merits of the claim, the dismissal must be without prejudice. *Id.* (citing *Ritchey v. Vasquez*, 986 S.W.2d 611, 612 (Tex. 1999); *Crofts v. Court of Civil Appeals*, 362 S.W.2d 101, 104 (Tex. 1962)). Courts have limited review of the administrative action when exhaustion is required. *Id.* (citing *Cash Am.*, 35 S.W.3d at 15).

The Tax Code is a pervasive regulatory scheme vesting appraisal review boards with exclusive jurisdiction. *Appraisal Review Bd. Of Harris Cty. Appraisal Dist. v. O'Connor & Assocs.*, 267 S.W.3d 413, 419 (Tex. App.—Houston [14th Dist.] 2008, no pet.). For those contesting property taxes, the Code provides detailed administrative procedures, which are exclusive, and a taxpayer's failure to pursue an appraisal review board proceeding deprives courts of jurisdiction to decide most matters pertaining to ad valorem taxes. *See id.*; *see also Cameron Appraisal Dist. v.*

*Rourk*, 194 S.W.3d 501, 502 (Tex. 2006) (citations omitted); *United Airlines, Inc. v. Harris Cty. Appraisal Dist.*, 513 S.W.3d 185, 188 (Tex. App.—Houston [14th Dist.] 2016, pet. denied); *Appraisal Review Bd. Of Harris Cty. Appraisal Dist. v. Spencer Square Ltd.*, 252 S.W.3d 842, 844 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

## A. Issue One: Exhaustion of Administrative Remedies

Appellants argue the trial court erred by dismissing the case for failure to exhaust administrative remedies. In the present case, Appellants complain of the valuations of their properties as appraised by MCAD. More particularly, they asserted the appraisals were unequal. Because they are complaining of ad valorem taxes, and courts have repeatedly held the exclusive jurisdiction is placed on the administrative body, Appellants were required to exhaust their administrative remedies by pursuing an appraisal review board proceeding.[4] *See Cameron Appraisal Dist.*, 194 S.W.3d at 501; *Matagorda Cty. Appraisal Dist. v. Coastal Liquids Partners, L.P.*, 165 S.W.3d 329, 331 (Tex. 2005); *Gen. Elec. Credit Corp. v. Midland Cent. Appraisal Dist.*, 826 S.W.2d 124, 125 (Tex. 1991) (per curiam); *Webb Cty. Appraisal Dist. v. New Laredo Hotel, Inc.*, 792 S.W.2d 952, 954–55 (Tex. 1990).

---

[4] Appellants acknowledge and agree they were required to exhaust their administrative remedies.

10

The Code provides that a property owner may protest the unequal appraisal of the owner's property before the ARB. *See* Tex. Tax Code Ann. § 41.41(a)(2). The Code further provides that a property owner is entitled to appeal an order of the ARB. *See id.* § 42.01(a). A taxpayer must appeal to the district court within sixty days from the date of the ARB order. *See id.* § 42.21(a). Finally, the Code states that

> [t]he court has jurisdiction over an appeal under this chapter brought on behalf of a property owner or lessee and the owner or lessee is considered to have exhausted the owner's or lessee's administrative remedies regardless of whether the petition correctly identifies the plaintiff as the owner or lessee of the property or correctly describes the property so long as the property was the subject of an appraisal review board order, the petition was filed within the period required by Subsection (a), and the petition provides sufficient information to identify the property that is the subject of the petition.

*See id.* § 42.21(h). Appellants sought relief based on unequal appraisal, which is a permissible basis on which a taxpayer may protest. *See id.* § 41.41(a)(2). MCAD does not dispute that Appellants' properties were the subject of ARB orders, that their petition for judicial review was filed within sixty days, or that their petition provides sufficient information to identify the property that is the subject of the petition, which are the only things expressly required for exhaustion of remedies under the statute. *See id.* § 42.21(h).

During the hearing on the plea to the jurisdiction, MCAD acknowledged Appellants filed protests but asserted that because Appellants failed to present

11

certain evidence, they failed to exhaust their remedies. Specifically, MCAD argued at the hearing on the plea to the jurisdiction that while Appellants submitted evidence at the ARB proceedings, the evidence only related to section 42.26(a)(3) claims and not to claims under sections 42.26(a)(1) and (2). *See* Tex. Tax Code Ann. § 42.26(a)(1)–(3). The Code provides

> (a) The district court shall grant relief on the ground that a property is appraised unequally if:
> (1) the appraisal ratio of the property exceeds by at least 10 percent the median level of appraisal of a reasonable and representative sample of other properties in the appraisal district;
> (2) the appraisal ratio of the property exceeds by at least 10 percent the median level of appraisal of a sample of properties in the appraisal district consisting of a reasonable number of other properties similarly situated to, or of the same general kind or character as, the property subject to the appeal; or
> (3) the appraised value of the property exceeds the median appraised value of a reasonable number of comparable properties appropriately adjusted.

*Id.* Appellants contend their actions were sufficient to exhaust their administrative remedies, because they: (1) "filed their protest on the generally stated Tax Code[']s 'unequal appraisal of the owner's property[;]'" (2) a hearing was held on that protest; and (3) the ARB made a determination on the protest.

Our sister court of appeals in Houston addressed a partial plea to the jurisdiction asserting the trial court lacked jurisdiction to address a taxpayer's interstate-commerce claim because the taxpayer had not previously raised that

12

argument when it protested the appraisal at the ARB hearing, and therefore, it failed to exhaust its administrative remedies concerning that issue. *See Harris Cty. Appraisal Dist. v. ETC Mktg., Ltd.*, 399 S.W.3d 364, 366 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). We find that case instructive in its discussion of exhaustion of remedies in the context of a trial court's jurisdiction. In concluding Harris County Appraisal District's (HCAD) plea should have been granted and reversing the trial court, the Court explained that while trial *de novo* generally cures all procedural errors, the failure to file a timely protest for an exemption based on interstate commerce is jurisdictional and not procedural. *See id.* at 371. The Court further noted that despite a district court having *de novo* review, its jurisdiction in this context "is still appellate in nature and dependent upon the issue having been raised with the appraisal review board." *Id.* A district court can exercise jurisdiction and determine the merits of an appeal only when the appraisal review board properly exercised jurisdiction over the issue. *Id.* (citing *Lamar Cty. Appraisal Dist. v. Campbell Soup Co.*, 93 S.W.3d 642, 646 (Tex. App.—Texarkana 2002, no pet.)).

With the appraisal review board, ETC protested that the property's appraised value exceeded its market value, the property's appraised value was unequal to the appraised value of comparable property, HCAD incorrectly identified the owner, HCAD used the wrong valuation date, and the appraisal district made multiple

appraisals of the property. *Id.* at 369. The Court reasoned the interstate commerce exemption was not considered as part of a value analysis by the appraisal review board. *Id.* at 372. However, the Court noted that a taxpayer is not required to use certain language to preserve a complaint about the appraised value of the property. *Id.* The Court took particular notice of the fact that HCAD admitted it would not be appropriate to make a plea to the jurisdiction if a taxpayer filed a protest on the basis the property's appraised value exceeded its market value while on appeal to the trial court, a taxpayer also argued the property's appraised value was unequal to the appraised value of comparable property. *Id.* "A trial de novo as to the value of the property allows both parties to put on new evidence of value." *Id.* The Court explained a constitutional exemption is different from a protest based on the property's value. *Id.* (citing *First Bank of Deer Park v. Harris Cty.*, 804 S.W.2d 588, 591–92 (Tex. App.—Houston [1st Dist.] 1991, no writ) (op. on reh'g)). The Court indicated the threshold was low, however, when it came to exhausting remedies regarding appraised value. *Id.*; *see also Curry v. Harris Cty. Appraisal Dist.*, 434 S.W.3d 815, 825 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

In the present case, the Appellants' protests with the ARB centered on unequal valuations of their properties. We contrast that to the facts of *ETC Marketing*, where the taxpayer based its initial protest with the ARB on valuation and, for the first time

14

on appeal in the district court raised a constitutional exemption. In the case before us, the allegations of unequal appraisal necessitated the ARB consider the propriety of MCAD's property valuations. The claims contained in Appellants' live pleading also centered around property valuation and unequal appraisals.

Even if Appellants chose particular provisions of section 42.26 to include in their amended pleading and chose certain evidence of inequality to present to the ARB, their particular complaints generally involve unequal appraisals of property and necessarily implicated property valuations. If a property owner protests the property's appraised value before the ARB, the *de novo* trial in district court permits all parties to offer new evidence regarding the property's appraised value, regardless of whether the evidence was presented to the ARB. *Curry*, 434 S.W.3d at 822 (citing Tex. Tax Code Ann. §§ 42.23(a) (West Supp. 2018), 42.24 (West 2015); *PR Invs. v. State of Texas*, 251 S.W.3d 472, 476 (Tex. 2008); *ETC Mktg., Ltd.*, 399 S.W.3d at 372). Furthermore, courts have noted that "the legislature rejected hypertechnical requirements for challenges to appraisal values." *See ETC Mktg., Ltd.*, 399 S.W.3d at 372; *see also United Airlines, Inc.*, 513 S.W.3d at 189; *Midland Cent. Appraisal Dist. v. Plains Mktg., L.P.*, 202 S.W.3d 469, 475 (Tex. App.—Eastland 2006, pet. denied).

15

Texas Tax Code section 42.26(a) governs unequal appraisals and when a district court shall grant relief. *See* Tex. Tax Code Ann. § 42.26(a)(1)–(3). This section does not expressly address jurisdiction or issues a property owner may appeal. *See id.*; *Galveston Cent. Appraisal Dist. v. Valero Refining-Tex., L.P.*, 463 S.W.3d 177, 186 (Tex. App.—Houston [14th Dist.] 2015, pet. granted) ("*Valero I*"), *rev'd on other grounds*, 519 S.W.3d 66 (Tex. 2017) ("That section does not address what an owner may appeal or how it may invoke the trial court's jurisdiction over an appeal—subjects covered by sections 42.01 and 42.21."). MCAD concedes in its brief that Appellants "did present their section 42.26(a)(1) and 42.26(a)(2) claims to the appraisal review board for determination." Yet, it argues that "Appellants did not present any evidence or complaint about unequal appraisal under these sections" and asserts that that equates to a failure on the part of Appellants to exhaust administrative remedies.

MCAD does not cite to any authority, nor do we find any, to support its contention that judicial review of an ARB ruling is confined to and limited by evidence offered before an ARB after the taxpayer has filed a protest alleging unequal appraisal, participated in a hearing, obtained an ARB order, and timely appealed that order to the district court. Although Appellants presented evidence of unequal appraisal at the ARB hearing, which the trial court mentioned in its order,

the trial court found the evidence was not sufficient to exhaust their administrative remedies.

MCAD asserts that the ARB is empowered by the Code to establish rules for the hearing procedures, and those rules, as set forth in the ARB's "Order of Proceedings[,]" require the taxpayers to present evidence. We find no authority that rules established by local ARBs governing the order of proceedings operate as a jurisdictional constraint to appealing an appraisal value.

The Texas Supreme Court recently explained that

[t]he Tax Code prescribes the process for obtaining judicial review of a property appraisal. The dissatisfied owner must first protest before the local appraisal review board. The owner may protest the determination of the appraised value of the owner's property and an unequal appraisal of the owner's property. The board must determine the protest and make its decision by written order. The owner is entitled to appeal . . . an order of the appraisal review board determining . . . a protest by the property owner. *The court has jurisdiction over an appeal . . . so long as the property was the subject of an appraisal review board order, the petition was filed within [60 days after the party received notice of the order], and the petition provides sufficient information to identify the property that is the subject of the petition.*

*Valero Refining–Tex., L.P. v. Galveston Cent. Appraisal Dist.*, 519 S.W.3d 66, 73 (Tex. 2017) ("*Valero II*") (citing Tex. Tax Code Ann. §§ 41.41(a)(1)–(2), 41.47(a) (West 2015), 42.01(a)(1)(A), 42.21(h)) (internal quotations omitted) (emphasis added). MCAD does not dispute the property was the subject of an ARB order, the petition was timely filed, or that the petition provides sufficient information to

17

identify the properties. *See id.* Whether the evidence of unequal appraisal presented at the ARB hearing was residential or commercial in nature does not implicate jurisdiction, rather it is an evidentiary matter impacting a party's likelihood to prove they are entitled to relief. Courts have recognized the distinction between the right of a party to maintain a suit versus the jurisdiction of the court. *See Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76–77 (Tex. 2000) (quoting 21 C.J.S. *Courts* § 16, at 23 (1990)) ("The right of a plaintiff to maintain a suit, while frequently treated as going to the question of jurisdiction, has been said to go in reality to the right of the plaintiff to relief rather than to the jurisdiction of the court to afford it."); *Reliance Ins. Co. v. Denton Cent. Appraisal Dist.*, 999 S.W.2d 626, 629 (Tex. App.—Fort Worth 1999, no pet.) (noting that a party's failure to plead and prove injury will generally prevent a party from prevailing, such failure does not deprive the trial court of jurisdiction). Therefore, we conclude the trial court erred by dismissing Appellants' petition for judicial review for lack of jurisdiction for failure to exhaust their administrative remedies. We sustain Appellants' first issue.

**B. Issue Two: Amending Causes of Action Out of the Case**

As explained earlier in this opinion, the jurisdictional requirements for a property owner to maintain an appeal from an appraisal review board's tax-appraisal determination are contained in section 42.21 of the Tax Code. *See* Tex. Tax Code

18

Ann. § 42.21. "A district court has jurisdiction of an appraisal review board determination so long as the property was the subject of an appraisal review board order, the petition was filed within sixty days of the ARB order, and the petition provides sufficient information to identify the property that is subject of the petition." *United Airlines, Inc.*, 513 S.W.3d at 188 (citing Tex. Tax Code Ann. § 42.21(a), (h)). A petition complying with Tax Code sections 42.01 and 42.21, will be "'sufficient to vest the trial court with jurisdiction.'" *Id.* (quoting *Valero I*, 463 S.W.3d at 186).

Stating specific grounds for an appeal in a petition is not a jurisdictional prerequisite, and therefore, changing or modifying a specific ground for appeal does not affect the district court's jurisdiction. *United Airlines, Inc.*, 513 S.W.3d at 190. In explaining this conclusion, the Fourteenth Court of Appeals reasoned there were no consequences in Chapter 42 for failing to plead a particular ground for relief, lending support to the conclusion that pleading certain grounds is not a jurisdictional requirement for an ad valorem tax appeal. *See id.* at 189–90 (citing *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 495 (Tex. 2001)). A petition filed in compliance with sections 42.01 and 42.21 is sufficient to vest the trial court with jurisdiction. *See* Tex. Tax Code Ann. §§ 42.01, 42.21(a), (h); *United Airlines, Inc.*, 513 S.W.3d at 188. The absence of any consequences in Chapter 42 for failing to plead a particular

19

ground for relief supports the conclusion that pleading certain grounds is not a jurisdictional requirement to maintain an ad valorem tax appeal. *United Airlines, Inc.*, 513 S.W.3d at 189–190 (citing *Helena Chem. Co*, 47 S.W.3d at 495 ("providing that the absence of a penalty for non-compliance 'weighs in favor of a nonjurisdictional interpretation'")).

The Order Sustaining Plea to the Jurisdiction does not expressly address dismissal of any of Appellants' claims under Tax Code section 42.26(a)(3), although Appellee contends such claims were voluntarily dismissed or nonsuited by Appellants by omission from the amended petition. While Appellants have expressly cited to section 42.26(a)(1) and (2) in the amended petition, from a plain reading of the amended petition, it is not readily apparent that Appellants have not invoked any claims under section 42.26(a)(3) of the Tax Code. We have determined that a property owner need not specify they are bringing a cause of action under section 42.26(a)(1), (2), or (3) to invoke the trial court's jurisdiction. *See id.* at 189–190; *Reliance Ins. Co.,* 999 S.W.2d at 629; *see also* Tex. Tax Code Ann. §§ 42.01, 42.21. Thus, to the extent the trial court dismissed any of Appellants' claims under Tax Code section 42.26(a)(3) for want of jurisdiction, we hold the trial court erred. The Tax Code provides the property owner must designate, in response to an appropriate written discovery request, which cause of action is the basis for the appeal. *See* Tex.

20

Tax Code Ann. § 42.23(d) (West Supp. 2018). Additionally, the rules further provide that "a property owner may designate a cause of action under Section 42.25 or 42.26 as the basis for an appeal, but may not designate a cause of action under both sections as the basis for the appeal." *Id.* at § 42.23(e) (West Supp. 2018). Yet, for Appellants to invoke the trial court's jurisdiction, MCAD would impose more stringent requirements on them than the Code does. We do not agree with MCAD's position, particularly in light of the legislature's rejection of "hypertechnical requirements for challenges to appraisal values." *See United Airlines, Inc.*, 513 S.W.3d at 189; *ETC Mktg., Ltd.*, 399 S.W.3d at 372; *Plains Mktg., L.P.*, 202 S.W.3d at 475.

The Code provides for *de novo* review by the district court, and the court "shall try all issues of fact and law raised by the pleadings in the manner applicable to civil suits generally." Tex. Tax Code Ann. § 42.23(a). The Texas Rules of Civil Procedure allow for the amendment of pleadings so long as there is no surprise to the other party, and subsequent amended pleadings take the place of the original. Tex. R. Civ. P. 62, 64, 65, 70. The trial court may determine that a party amended its petition such that it no longer raises an issue and limit discovery accordingly; however, a plea to the jurisdiction is not the appropriate vehicle to address this, as discovery issues do not implicate the trial court's subject-matter jurisdiction. We note that even in Appellants' amended live pleading, while they specified sections

42.26(a)(1) and (2), they also generally complained MCAD "arbitrarily and capriciously appraised [their] properties unequally and disproportionately as compared to other properties in the County."

MCAD attempts to distinguish *United Airlines, Inc. v. Harris County Appraisal District* from the case at hand and argues that Appellants agreed to the special exceptions in this case and subsequently amended their pleading. *See* 513 S.W.3d at 185. Despite MCAD's argument that the order required Appellants to replead its original petition to remove allegations subject to the special exceptions and that they be required to plead, with specificity, causes of action, MCAD's special exceptions do not mention section 42.26(a)(3). Nothing in the agreed order on the special exceptions required them to remove their claim under 42.26(a)(3). As stated in *United Airlines*, "nothing in either the Tax Code or the case law requires a party to include its grounds for relief in a petition for review in order to invoke the jurisdiction of the trial court." *See id.* at 189; *Reliance Ins. Co.*, 999 S.W.2d at 629. We sustain Appellants' second issue on appeal.

## IV. Conclusion

We conclude Appellants exhausted their administrative remedies, and they were not required to cite to specific Code provisions in their petition to invoke the jurisdiction of the trial court. Accordingly, the trial court erred in granting MCAD's

22

plea to the jurisdiction and dismissing Appellants' claims. We reverse and remand to the trial court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

_____
CHARLES KREGER
Justice

Submitted on November 19, 2018
Opinion Delivered May 9, 2019

Before McKeithen, C.J., Kreger, and Johnson, JJ.