Opinion filed June 13, 2019



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00135-CV

_____

## EASTLAND COUNTY APPRAISAL DISTRICT AND BROWN COUNTY APPRAISAL DISTRICT, Appellants

## V.

## PENINSULA PIPELINES (NORTH TEXAS), LLC, Appellee

**On Appeal from the 91st District Court**
**Eastland County, Texas**
**Trial Court Cause No. CV1644175**

### O P I N I O N

In this interlocutory appeal, Appellants, the Eastland County Appraisal District and the Brown County Appraisal District, assert that the trial court erred by denying their plea to the jurisdiction. We conclude that we do not have jurisdiction over this appeal because the issue raised in Appellants' plea to the jurisdiction does

not implicate the trial court's subject-matter jurisdiction. Therefore, we dismiss this appeal for lack of jurisdiction.

*Background Facts*

Appellee, Peninsula Pipelines (North Texas), LLC (Peninsula), owns an integrated pipeline system that runs through, or is operated in, nine counties and that is appraised by nine county appraisal districts. For the 2016 tax year, Peninsula protested the appraised value of the pipeline in hearings before the Appraisal Review Board (ARB) in each county. Dissatisfied with the results of the ARB hearings, Peninsula filed six individual petitions for review against the appraisal districts of six different counties under a single cause number in the 91st District Court of Eastland County.

Peninsula relied upon Section 42.221 of the Tax Code for filing these petitions. Each petition asserted claims against only one appraisal district. In each petition, Peninsula stated that it would file a total of nine petitions. Peninsula had filed petitions for review from six ARB orders at the time the trial court heard Appellants' plea to the jurisdiction.

Peninsula filed the first petition for review against the Eastland County Appraisal District and the second petition against the Brown County Appraisal District. These two petitions were filed on the same day, approximately two hours apart. Peninsula filed a third petition against the Coleman County Appraisal District immediately after filing the petition against the Brown County Appraisal District. Peninsula denoted the first petition as "the first of nine," and the second petition as "the second of nine," and the third petition as "the third of nine." None of these pleadings were labeled as amended pleadings or supplemental pleadings.

Appellants filed a plea to the jurisdiction asserting that the trial court lacked subject-matter jurisdiction because there was no justiciable issue between them and Peninsula. Appellants specifically argued that they had been dismissed from the

lawsuit when Peninsula subsequently filed petitions that did not contain any claims against them. Appellants are essentially arguing that the Eastland County Appraisal District was no longer a party when Peninsula filed the second petition against the Brown County Appraisal District approximately two hours later and that the Brown County Appraisal District was only a party to the suit for an instant because Peninsula filed the third petition against the Coleman County Appraisal District moments later. Based upon Appellants' contention that they no longer remained parties to the suit, Appellants asserted that the trial court no longer had subject-matter jurisdiction over Peninsula's claims against them. The trial court disagreed with this contention by denying the plea to the jurisdiction, and Appellants filed this interlocutory appeal.

*Analysis*

In three issues, Appellants contend the trial court erred by denying the plea to the jurisdiction because (1) pursuant to the Rules of Civil Procedure, Peninsula dismissed its claims against Appellants by filing amended petitions that omitted causes of action against them; (2) Section 42.221 of the Tax Code does not allow Peninsula to file cumulative pleadings under a single cause number; and (3) Peninsula is unable to replead its claims because more than sixty days have elapsed since Peninsula received notice of the Eastland County and Brown County ARB orders. Appellants assert that, as a result, there is no "live controversy" and that the district court has "no subject matter jurisdiction" over Appellants.

We must first consider our jurisdiction over this interlocutory appeal. *See State ex rel. Best v. Harper*, 562 S.W.3d 1, 7 (Tex. 2018) (noting appellate court "must consider issues affecting [its] jurisdiction sua sponte"); *In re City of Dallas*, 501 S.W.3d 71, 73 (Tex. 2016) (original proceeding) (per curiam) ("[A] court is duty-bound to determine its jurisdiction regardless of whether the parties have

questioned it."). Whether we have jurisdiction is a question of law. *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007).

Generally, an appellate court may consider appeals from interlocutory orders only when a statute expressly confers such jurisdiction. *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 387–88 (Tex. 2014). As relevant here, Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code provides that a person may appeal from an interlocutory order that "grants or denies a plea to the jurisdiction by a governmental unit." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2018).

A plea to the jurisdiction challenges a trial court's power to exercise subject-matter jurisdiction over a claim. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004); *City of Merkel v. Copeland*, 561 S.W.3d 720, 723 (Tex. App.—Eastland 2018, pet. denied). However, the reference to "plea to the jurisdiction" in Section 51.014(a)(8) refers to the substance of the issue raised, not to a particular procedural vehicle. *Tex. Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 349 (Tex. 2004). If a pleading does not raise an issue that can be jurisdictional, then it is not a "plea to the jurisdiction" for purposes of an interlocutory appeal. *Id.*; *see also Walker v. State*, No. 14-17-00710-CV, 2018 WL 3151254, at *2 (Tex. App.—Houston [14th Dist.] June 28, 2018, no pet.) (mem. op.).

Subject-matter jurisdiction concerns the court's "authority to adjudicate the type of controversy involved in the action." *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 74–75 (Tex. 2000) (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 11 (1982)). Conversely, the right of a plaintiff to maintain a suit concerns the right of the plaintiff to the relief he seeks, but it does not concern the jurisdiction of the court to afford the relief sought. *Id.* at 76–77 (citing 21 C.J.S. *Courts* § 16 (1990)).

A district court has subject-matter jurisdiction over a property owner's timely filed petition for review from an ARB order. TEX. TAX CODE ANN. §§ 42.01(a),

42.21(a), (h) (West 2015); *Valero Refining–Tex., L.P. v. Galveston Cent. Appraisal Dist.*, 519 S.W.3d 66, 73 (Tex. 2017). In their plea to the jurisdiction, Appellants did not dispute that the trial court had subject-matter jurisdiction over each petition for review at the time the pleading was filed. Rather, Appellants argued that the trial court did not have subject-matter jurisdiction based on conduct by Peninsula during the litigation that Appellants asserted prevented Peninsula from recovering on its claims against Appellants.

As a general rule, once jurisdiction is lawfully and properly acquired, no later fact or event in the case can defeat it. *See Kubovy v. Cypress–Fairbanks Indep. Sch. Dist.*, 972 S.W.2d 130, 133–34 (Tex. App.—Houston [14th Dist.] 1998, no pet.); *see also Dallas Indep. Sch. Dist. v. Porter*, 709 S.W.2d 642, 643 (Tex. 1986) (per curiam) (concluding that trial court acquired jurisdiction of the subject matter in controversy based on timely appeal from award of the Industrial Accident Board and that subsequent events in the case did not defeat jurisdiction). Accordingly, although conduct by Peninsula in the litigation might ultimately preclude the entry of a judgment in its favor, it did not deprive the trial court of subject-matter jurisdiction over Peninsula's appeals from the ARB orders. *See United Airlines, Inc. v. Harris Cty. Appraisal Dist.*, 513 S.W.3d 185, 189 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (noting that "invocation of the trial court's jurisdiction over an appeal is a subject covered by sections 42.01 and 42.21" of the Tax Code and is not dependent on inclusion of the grounds for relief in petition for review); *see also Kazi*, 12 S.W.3d 76–77 (explaining distinction between right of plaintiff to relief and jurisdiction of court to afford it); *Reliance Ins. Co. v. Denton Cent. Appraisal Dist.*, 999 S.W.2d 626, 629 (Tex. App.—Fort Worth 1999, no pet.) (reasoning that, while plaintiff's failure to plead and prove injury would generally prevent property owner from prevailing, it would not deprive court of jurisdiction over property owner's appeal of appraised value of property).

Because Appellants' plea to the jurisdiction did not raise an issue that can be jurisdictional, it is not a "plea to the jurisdiction" for purposes of an interlocutory appeal under Section 51.014(a)(8). We, therefore, do not have jurisdiction over this interlocutory appeal. *See Simons*, 140 S.W.3d at 349; *Walker*, 2018 WL 3151254, at *3. In reaching this conclusion, we express no opinion as to the merits of Appellants' arguments that (1) Peninsula's subsequently filed petitions constituted amended pleadings that dismissed its claims against Appellants and (2) Section 42.221 of the Tax Code does not permit cumulative pleadings.

### *This Court's Ruling*

We dismiss this appeal for lack of jurisdiction.


JOHN M. BAILEY
CHIEF JUSTICE


June 13, 2019

Panel consists of: Bailey, C.J.,
Willson, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.